UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 13CR192

MARIANO A. MEZA,

    Defendant.

## DEFENDANT'S FIRST PRETRIAL MOTION: MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE AN ELEMENT OF THE OFFENSE

Mariano Meza, by counsel, moves under the Fifth and Sixth Amendments and Rules 7 and 12(a) of the Federal Rules of Criminal Procedure, for an order dismissing the one-count indictment because it fails to sufficiently allege an element of the offense. A violation of 18 U.S.C. § 922(g) must be committed knowingly. Here, the indictment alleges that Meza acted knowingly but only with regard to one of § 922(g)'s two statutory elements—his possession of the ammunition. There is no mental state associated with the indictment's allegation that he was "an alien ... illegally or unlawfully in the United States." This omission renders the indictment infirm and therefore it must be dismissed.

1.0 An indictment must set forth the elements of the offense and the facts allegedly satisfying those elements.

The Fifth Amendment guarantees every defendant the right to an indictment by grand jury, and the Sixth Amendment guarantees that a defendant be informed of the charges against him. *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981). For an indictment to comply with these constitutional mandates, it must satisfy three minimum requirements: first, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charge which he must defend; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

As set out in Fed. R. Crim. P. 7(c)(1), an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." It's generally sufficient if it "tracks" the words of the statute itself, "so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305; *see United States v. Allender,* 62 F.3d 909, 914 (7th Cir. 1995). These requirements protect the defendant from conviction "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Russell v. United States,* 369 U.S. 749, 770 (1962).

> 2.0 The indictment in this case must be dismissed because it fails to sufficiently allege the mens rea element of the offense.

Section 924(a)(2) requires that a violation of § 922(g) be committed "knowingly." The indictment, however, alleges that Meza acted knowingly but only in possessing the ammunition. It ignores the other element of § 922(g) that is applicable here—his status as an illegal or unlawful alien. 18 U.S.C. § 922(g)(5). That is, the indictment says nothing about whether Meza knew that he was illegal alien or that the jury found that there was probable cause to believe that he knew he was an illegal alien. Because the indictment fails to allege that Meza possessed the requisite mens rea as to both elements of § 922(g)(5), it must be dismissed.

Meza faces federal prosecution for possessing one .22 caliber cartridge. 18 U.S.C §§ 922(g)(5), 924(a)(2). These provisions, read together, set forth the elements of the charged offense. Section 922(g)(5) makes it unlawful for "an alien… illegally or unlawfully in the United States" to "possess in or affecting commerce, any firearm or ammunition," and 924(a)(2) provides the mens rea: the offense must be committed "knowingly," 18 U.S.C. § 924(a)(2) (subjecting individuals who knowingly violate § 922(g) to a fine and up to ten years' imprisonment). Nothing in the statute limits the import of the term "knowingly" to the possession of the bullets.

Yet the indictment is worded in such a way that "knowingly" modifies only Meza's possession of the ammunition:

> [Meza], being an alien illegally and unlawfully in the United States, knowingly possessed ammunition which, prior to his possession of it, had been transported in interstate commerce...

DE 1. Possession of ammunition, alone, does not violate § 922(g)(5). For a violation to occur, the defendant must possess the ammunition and—and this is an important *and*—be an alien illegally and unlawfully in the United States. The term knowingly found in § 924(a)(2) would naturally modify both elements. The rule is that unless the text of a statute says differently, the term knowingly "requires proof of knowledge of the facts that constitute the offense." *Bryan v. United States,* 524 U.S. 184, 193 (1998); *see also Staples v. United States,* 511 U.S. 600, 622 n. 3 (1994) (Ginsburg, J., concurring) (noting "[t]he mens rea presumption requires knowledge only of the facts that make the defendant's conduct illegal." (citations omitted)). Nothing in § 924(a) or § 922(g)(5) says otherwise.

To read the word "knowingly" as "leapfrogging" over the first element of 922(g) and applying only to the element of possession "defies linguistic sense—and not a little grammatical gravity." *United States v. Games-Perez,* 677 F.3d 1136 (10th Cir. 2012) (Gorscuh, J., concurring in the judgment) (acknowledging that circuit precedent compelled a decision to the contrary but strongly suggesting that the court would have been better off actually "applying the law Congress wrote"

requiring knowledge of both § 922(g)'s elements). After all, Congress set forth three elements in a particular order, "[a]nd it makes no sense to read the word 'knowingly' as so modest that it might blush in the face of the very first element only to regain its composure and reappear at the second." *Id.* It's simply linguistically illogical and nonsensical to require mens rea only to the possession element.

To be clear, the government is not required to prove that Meza had knowledge of the law or the illegality of his actions. *United States v. Wilson,* 437 F.3d 616, 620 (7th Cir. 2006). But it must prove that he knew of the facts that would constitute each element of the offense. *See Flores-Figueroa v. United States,* 556 U.S. 646, 649 (2009) (ordinarily, when a "criminal statute… introduces the elements of a crime with the word 'knowingly,'" courts "apply[] that word to each element.") ; *see also United States v. X-Citement Video, Inc.,* 513 U.S. 63, 79 (1994) (Stevens, J., concurring). In *Flores-Figueroa,* the Court held that in the context of aggravated identify theft, the government must prove not only that a defendant *knowingly* possessed a means of identification but also that the defendant *knew* the identification belonged to another person. *Id.* at 647 (interpreting 18 U.S.C. § 1028A(a)(1)). The Court hypothesized, "[w]ould we apply a statute that makes it unlawful 'knowingly to possess drugs' to a person who steals a passenger's backpack without knowing that the bag has drugs inside?" *Id.* at 650. According to

FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.

the Court, it "makes little sense" to read the mens rea element out of the portion of the statute that makes possession of a certain object criminal. *Id.*

Not surprisingly, the Seventh Circuit's case law supports this interpretation of the statute. In *United States v. Ballentine,* 4 F.3d 504 (7th Cir. 1993), the Court explained, a "[d]efendant's knowledge of his status as a 'fugitive' was not an element of [§ 922(g)(2)]; he only had to know charges were pending against him that he refused to answer charges, and that he left jurisdiction where charges were pending." *Id.* at 506. Similarly, *United States v. McGiffen,* 267 F.3d 581 (7th Cir. 2001), also supports this interpretation. In *McGiffen,* the Court held that in order to sustain a conviction under § 922(*o*)(1), the government must prove the defendant's knowledge that the weapon he possessed had the characteristics of a machine gun. *Id.* at 590. Notably, it's § 924(a)(2) — the same statute that's at play here — that sets forth the mens rea that was at issue in both of those cases. *See* 18 U.S.C. § 924(a)(2) ("Whoever *knowingly* violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be...") (emphasis added).

What's more, if there remains any ambiguity as to the mens rea requirement of § 922(g)(5), that ambiguity should be resolved in Mr. Meza's favor and the indictment dismissed. *See Rewis v. United States*, 401 U.S. 808, 812 (1971) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity."). The Supreme Court has made that point clear: "Application of the rule

of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." *Liparota v. United States*, 471 U.S. 419, 427 (1985).

3.0     Conclusion

The issue here is straight forward: the indictment does not allege that Meza possessed the requisite mens rea as to both elements of § 922(g)(5)—that he knew he possessed ammunition and that he was an illegal immigrant. Because this required element was omitted, the indictment no longer conforms to minimal constitutional safeguards and must be dismissed.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2013.

Respectfully submitted,

/s/     Julie K. Linnen
Joseph A. Bugni
Julie K. Linnen
FEDERAL DEFENDER SERVICES
        OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Ste 182
Milwaukee, WI 53202
Tel. (414) 221-900
Fax (414) 221-9901
E-mail: joseph_bugni@fd.org
        julie_linnen@fd.org