UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff

  v.                                             Case No. 13-CR-192

MARIANO A. MEZA,

    Defendant.

## PROPOSED VOIR DIRE

        The United States, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Gail J. Hoffman, Assistant United States Attorney, respectfully requests that the court include the following questions in its examination of prospective jurors pursuant to Fed. R. Crim. P. 24(a). The court is also requested to ask further questions whenever a particular response suggests that further inquiry is appropriate.

    1. Please state your name, city of residence, marital status, educational background, occupation, and occupation of your spouse. If retired or unemployed, please state the nature of your last employment.

    2. Have any of you had any prior connection to or knowledge of: (a) the defendant, Mariano A. Meza; (b) his attorneys, Juval Scott and Julie Linnen; or (c) Assistant United

1

States Attorney Gail J. Hoffman?

3. The potential government witnesses are:

Edgardo Bauzo-Santiago
Police Officer
Milwaukee Police Department

Roman Martinez
Police Officer
Milwaukee Police Department

Erik Rodriguez
Police Officer
Milwaukee Police Department

Rudolph Verhoeven
Police Officer
Milwaukee Police Department

Kenyatte Wooden
Detective
Milwaukee Police Department

Jimmy Young
Forensic Investigator
Milwaukee Police Department

Kenneth Handy
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Cassandra Shearing
Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement

Russell Dykema
Special Agent
Department of Homeland Security
Homeland Security Investigations

Nate Catura
Casey Roseliep
Special Agents
Social Security Administration
Office of the Inspector General

Juan De Dios Meza-Rodriguez

Shannon Meza

Rosa Graciela Rodriguez

Carla Espino-Gallegos

Juan Espino-Ramirez

Do you know any of the individuals on the witness list provided to you? If any of you have had any prior contact with them, what was it? Will it affect the way in which you view the evidence in this case? If so, how?

4. Have you previously served as a juror? If so, please state whether the case was a criminal or civil matter, whether the jury reached a verdict, and whether you were the foreperson.

5. Have you, any of your close friends, or your relatives ever been employed by any federal, state, or local law enforcement or governmental agency? Have any of you ever served in the military?

6. Have any of you ever attended law school, received legal training, or worked in a law office?

7. Have you, any member of your family, or any close friend ever been charged with

3

a felony or misdemeanor other than a minor traffic violation? If yes, do you feel the outcome was fair? Would this affect your ability to be an impartial juror in this case?

8. Have you, any member of your family, or any close friend ever been involved in an investigation by federal or state authorities or otherwise been involved in a criminal case either as a witness, a party, victim, or in some other capacity? Would this experience affect your ability to be an impartial juror in this case?

9. Have you ever been involved in a lawsuit other than a divorce?

10. Have you, any member of your family, or any close friend ever had any other direct interest in the outcome of a criminal case that would cause you to be unfair either to the United States or to the defendant?

11. Does any juror have any feelings regarding the United States, the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), the United States Department of Homeland Security, the Milwaukee Police Department, or any other law enforcement agency that might affect your ability to sit as a juror in this case and listen impartially to the evidence and render a verdict according to that evidence?

12. Have you or any of your acquaintances ever had any experiences with entities of Department of Homeland Security, such as Citizenship & Immigration Services, Immigration & Customs Enforcement, Customs & Border Protection officers at the ports of entry, the U.S. Border Patrol, or the former Immigration and Naturalization Service that would influence your ability to sit as a fair and impartial juror in this

4

matter?

13. The defendant in this case is charged as an alien in possession of ammunition. Do any of you feel that laws prohibiting noncitizens from possessing either firearms or ammunition are unfair? Because of your personal feelings about such laws, would any of you refuse, or even hesitate, to convict a defendant in a case like this even if the evidence proved his guilt beyond a reasonable doubt?

14. Have you or anyone you know ever owned a firearm? If so, what type? For what purpose?

15. Do any of you have any personal feelings about the immigrations laws that might affect your ability to sit as a juror and weigh the evidence fairly and impartially?

16. Is there anything that you have read in newspapers, magazines, or viewed on television regarding immigration issues that would influence your ability to sit as a fair and impartial juror in this case?

17. Does anyone have any feelings or opinions about our system of justice or the jury system which might affect your ability to sit as a juror and weigh the evidence fairly and impartially?

18. Do any of you hold any belief, bias, or stereotype, based upon race, which might affect your ability to render a fair and impartial verdict?

19. Do you have any moral, religious, or philosophical beliefs which make you reluctant to serve on a jury or which would make it difficult for you to judge another person in a criminal case?

20. Is there any one of you who cannot set aside what you have seen on television or in movies regarding criminal investigations and courtroom evidence, and make a decision in this case solely on the evidence presented at this trial and the instructions given to you by the court?

21. The jury is the judge of the facts while the judge decides the law. At the close of the case, the judge will instruct you on the law that you must apply to the facts of this case. It is your obligation to follow the judge's instructions about the law, whether or not you agree with the law. Is there anyone who would be unwilling to follow the judge's instructions? If you had opinions on what the law should be and your opinions were different from the judge's instructions on what the law is, does anyone feel they might refuse, or even hesitate, to follow the judge's instructions?

22. Is there any one of you who cannot set aside whatever personal opinions you might have about the defendant, the government, or the type of case before you, and arrive at a decision based solely on the evidence presented at trial and the instructions given to you by the court?

23. Is there anything else that I have not covered which you believe will affect your ability to give a fair trial to either the prosecution or the defendant in this case?

Respectfully submitted at Milwaukee, Wisconsin, this 31st day of July 2014.

JAMES L. SANTELLE
United States Attorney

By: s/GAIL J. HOFFMAN
Assistant United States Attorney
Gail J. Hoffman Bar Number: 1007361
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: gail.hoffman@usdoj.gov