UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                            Case No. 13-CR-192

MARIANO MEZA,
a/k/a MARIANO ALEJANDRO MEZA-RODRIGUEZ,

      Defendant.

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ELEMENT OF OFFENSE JURY INSTRUCTION

The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Gail J. Hoffman, Assistant United States Attorney, hereby respectfully submit the following memorandum in support of the government's proposed element of the offense jury instruction for the charged offense.

On October 8, 2013, a grand jury sitting in the Eastern District of Wisconsin returned a one count indictment charging Meza as an illegal alien in possession of ammunition under Title 18, United States Code, Section 922(g)(5). For this offense, the Seventh Circuit Pattern Jury Instructions for Title 18, United States Code, Section 922(g) sets forth the following elements to be established at trial:

To sustain a charge of being an illegal alien in possession of ammunition pursuant to 18 United States Code Section 922(g)(5), the government must prove the following propositions:

1

> First, the defendant knowingly possessed a firearm or ammunition; and
>
> Second, at the time of the charged act, the defendant was a prohibited person; and
>
> Third, the firearm or ammunition had been shipped or transported in interstate or foreign commerce.

*7th Cir. Pattern Crim. Jury Instructions, 2012.*

As stated above, the Seventh Circuit Pattern Jury Instructions for this offense do not include the defendant's knowledge of his prohibited status as an element of the offense.

To this end, in a case right on point, *United Sates v. Montero-Camargo,* 177 F.3d 1113, 1120 (9th Cir. 1999), *opinion withdrawn*, 192 F.3d 946, *reinstated by en banc opinion*, 208 F.3d 1122, 1127 n.8 (2000), the Ninth Circuit rejected the defendant's contention that the district court erred in refusing to instruct the jury that the defendant's knowledge of his status as an illegal alien was an element of the ammunition possession charge. In so finding, the court stated the defendant "need not have known that he was in the United States illegally to 'knowingly violate' 18, U.S.C. § 922(g)(5) as knowledge pertains only to the item possessed not to the status of the possessor." *Id.* at 1120.

Other Circuits have also found that the government need not prove a defendant's knowledge of his prohibited status. *United States v. Langley*, 62 F.3d 602, 604-06 (4th Cir. 1995) (en banc) (government need not prove knowledge of felon status nor of interstate commerce nexus); *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993) (proof of defendant's knowledge of status as a fugitive unnecessary; government need only show defendant's knowledge that charges were pending); *United States v. Dancy*, 861 F.2d 77, 81-82

(5th Cir. 1988) (collecting cases) (construing legislative history of § 924(a)(1)(B) not to impose requirement of proving defendant's knowledge of status of felon); *United States v. Hutzell*, 217 F.3d 966, 967-68 (8th Cir. 2000) (government not required to prove knowledge of status under § 922(g)(9); *United States v. Butler,* 637 F.3d 519, 532 (5th Cir. 2011); (in § 922(g)(6) prosecution the *mens rea* requirement only applies to the act of firearm possession, not prohibited status).

Indeed the Seventh Circuit recently analyzed the language of Section 922(g) in the context of a challenge to Section 922(g)(9), the subsection prohibiting the possession of firearms or ammunition by those convicted of misdemeanor crimes of domestic violence. In *United States v. Stein*, 712 F.3d 1038, 1040-1041 (7th Cir. 2013) the Court stated that "ultimately, as a matter of statutory construction, there is no reason to think Congress intended 'knowingly' to mean different things for different subsections of section 922(g)." *Id.* at 1041. The Seventh Circuit referenced *Butler,* a 922(g)(6) prosecution where the government did not need to prove the defendant knew of his prohibited status, and noted that it would be illogical to impose a different *mens rea* requirement on different subsections of Section 922(g). Thus, based upon the Seventh Circuit Pattern Jury Instructions in addition to case law from this Circuit and elsewhere, the government need not prove at trial that Meza knew of his alien status.

Respectfully submitted this 31st day of July, 2014.

                                              JAMES L. SANTELLE
                                              United States Attorney
By:

                                              s/Gail J. Hoffman
                                              Assistant United States Attorney
                                              Gail J. Hoffman Bar Number: 1007361

4

Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin    53202
Telephone: (414) 297-1700; Fax: (414) 297-1738
E-Mail: gail.hoffman@usdoj.gov

Case 2:13-cr-00192-RTR   Filed 07/31/14   Page 4 of 4   Document 41