UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   *Plaintiff*,

 vs.               Case No. 13-CR-192 (RTR)

MARIANO MEZA,

   *Defendant*.

## MOTION IN LIMINE

Mariano Meza, by undersigned counsel, respectfully moves this Court pursuant to Fed. R. Evid. 402, 403, 404, and 802 and his rights to due process, a fair trial, and confrontation as guaranteed by the Fifth and Sixth Amendments to the United States Constitution, for the entry of an order prohibiting the government from presenting the following evidence at trial:

 1. Any evidence or testimony relating to the reason for Meza's arrest by Milwaukee Police officers on August 24-25, 2013. This would include testimony of the complaining witnesses, Carla Espino-Gallegos and Juan Espino-Ramirez, and any accusations of Meza possessing a gun or engaging in confrontational or threatening behavior at a bar earlier in the evening, before his arrest and the subsequent discovery of the bullet in his pocket. The information provided by the government

confirms that no gun was ever recovered. In addition, there are conflicting descriptions of the gun at issue in the discovery. This evidence will only serve to confuse the issue and will be unduly prejudicial.

2. Any evidence relating to an alleged gang affiliation. There are conflicting reports of Meza's alleged gang affiliation and any evidence on this issue would be highly inflammatory and unduly prejudicial.

3. The nature of Meza's prior arrests or any supporting documentation of those arrests. Again, this information is irrelevant and unduly prejudicial, is impermissible and unnoticed other-acts evidence, and would only serve as a basis for jurors to draw a propensity inference.

4. Meza's booking records from the Milwaukee County Jail or any other facility. The government cannot establish the authenticity of these documents. In addition, they are irrelevant and unduly prejudicial.

5. The citizenship status of Meza's family members. This is irrelevant, highly prejudicial, and will only serve to confuse jurors.

6. Applications for citizenship completed by Meza's family members, including Juan De Dios Meza-Rodriquez, Shannon Meza, and Rosa Graciela Rodriquez. Again, such information is irrelevant, confusing, and unduly prejudicial.

7. Any statements or threats allegedly made by Meza to Milwaukee Police Sgt. Timothy Wilger. Evidence of threats made to a police officer is highly inflammatory, irrelevant to the current prosecution, and unduly prejudicial.

8. Any videos or recordings of Meza's post-arrest behavior in Squad # 2420 and Squad # 2390 (Police Wagon # 468). Meza attempted to injure himself in the police squad car and then allegedly made reference to Sgt. Wilger's role in an officer-involved shooting, threatening him in the process. Again, this evidence is unduly prejudicial, irrelevant, and would only divert jurors' attention from the real issue at hand— whether Meza is an illegal alien in possession of ammunition.

Dated at Milwaukee, Wisconsin this 31st day of July, 2014.

Respectfully submitted,

**/s/   Julie K. Linnen**
Julie K. Linnen, WI Bar #1085029
Federal Defender Services
  Of Wisconsin, Inc.
22 E. Mifflin St., Ste. 1000
Madison, WI 53705
Tel: (608) 260-9900
E-mail: julie_linnen@fd.org

COUNSEL FOR Mariano Meza